

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*Bonnie S. Greenberg*<br>*Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4890*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-0716*<br>*TTY/TDD: 410-962-4462*<br>*Bonnie.Greenberg@usdoj.gov* |

December 13, 2010

Deborah Boardman, Esquire
Assistant Federal Public Defender
Tower II, Suite 1100
100 South Charles Street
Baltimore, Maryland 21201

> Re:    United States  v.  Kenneth Johnson
> Criminal No. WMN 10-0159

Dear Ms. Boardman:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

1.    The Defendant agrees to plead guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to the Criminal Indictment charging him with transportation of child pornography in violation of 18 U.S.C. § 2252(a)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.    The Defendant knowingly distributed a visual depiction;

b.    The Defendant used a means or facility of interstate or foreign commerce, specifically a computer; and

Revised 11/5/09

c.      The Defendant knew the visual depictions involved the use of a minor engaged in sexually explicit conduct.

## Penalties

3.      a.      The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of $250,000.  In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

b.      The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence.  Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. .    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      Pursuant to § 2G2.2(a)(2) of the United States Sentencing Guidelines, the base offense level is 22.

b.      Pursuant to U.S.S.G. § 2G2.2(b)(2), the offense level is increased by 2 levels to a level 24 because the material involved multiple images of prepubescent minors who had not attained the age of 12 years.

c.      Pursuant to U.S.S.G. § 2G2.2(b)(3)(B), the offense level is increased by 5 levels to a level 29 because the defendant distributed images and videos in expectation of receipt of a thing of value, other images and videos, but not for pecuniary gain.

d.      Pursuant to U.S.S.G. § 2G2.2(b)(4), the offense level is increased by 4 levels to a level 33 because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

e.      Pursuant to U.S.S.G. § 2G2.2(b)(6), the offense level is increased by 2 levels to a level 35 because the offense involved the use of a computer for the possession, distribution, and receipt of the material.

f.      Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), the offense level is increased by 5 levels to a level 40 because the offense involved 600 or more images of child pornography.

**The offense level, therefore, is forty (40).**

4

g.     ACCEPTANCE

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.

**The final offense level, therefore, is thirty-seven (37).**

7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.     This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

Obligations of the United States Attorney's Office

9.     The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a sentence of **60 months (5 years) imprisonment** in the custody of the Bureau of Prisons and **a twenty year period of supervised release** is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). The Defendant agrees that he will request placement in the Sexual Offender Treatment Program in the Bureau of Prisons.

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Forfeiture

11.    The defendant agrees to forfeit all right, title and interest in ~~the property~~ seized *his computer and any other property containing child pornography*
by law enforcement authorities from his residence on April 2, 2010. He further agrees to take
whatever steps are necessary to pass clear title to those properties to the United States.

## Waiver of Appeal

12.    In exchange for the concessions made by this Office and the Defendant in this
plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28
U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.    The Defendant and this Office knowingly waive all right, pursuant to
18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal
any issues that relate to the establishment of the advisory guidelines range, the determination of the
defendant's criminal history, the weighing of the sentencing factors, and the decision whether to
impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution,
and term or condition of supervised release), except as follows: (i) the Defendant reserves the right
to appeal any term of imprisonment to the extent that it exceeds **60 months**; (ii) and this Office
reserves the right to appeal any term of imprisonment to the extent that it is below **60 months**.

c.    Nothing in this agreement shall be construed to prevent the Defendant
or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from
appealing from any decision thereunder, should a sentence be imposed that resulted from
arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of
Information Act relating to the investigation and prosecution of the above-captioned matter and
agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

13.    The Defendant agrees that he will not commit any offense in violation of
federal, state or local law between the date of this agreement and his sentencing in this case. In the
event that the Defendant (i) engages in conduct after the date of this agreement which would justify
a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal
responsibility for his conduct by failing to acknowledge his guilt to the probation officer who
prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local
law, then this Office will be relieved of its obligations to the Defendant as reflected in this
agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than
those stipulated in this agreement, and it will also be free to make sentencing recommendations other

6

than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14.     The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C).   The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Agreement Does Not Cover Production of Child Pornography
## Or Sexual Activity with a Minor

15.     The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's computer(s) and other electronic media.   Should such examination result in evidence that the Defendant was involved in the production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.

<u>Entire Agreement</u>

16.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Bonnie S. Greenberg
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement,  and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

12/22/10
Date

Kenneth Johnson

I am Kenneth Johnson's attorney.  I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him.  He advises me that he understands and accepts its terms.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

12/22/10
Date

Deborah Boardman, Esquire

8

## ATTACHMENT A-STATEMENT OF FACTS

**The Defendant stipulates and agrees that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The Defendant also stipulates and agrees that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.**

Kenneth Johnson, age 20, is a resident of Baltimore, Maryland.

A federal magistrate authorized a search warrant for 1715 West Lombard Street, Baltimore, Maryland 21223. The warrant was executed on April 2, 2010.

The factual basis supporting the search warrant rested, in part, on two different FBI Special Agents download of child pornography from a computer located at Kenneth Johnson's residence. SA Andrea Manning from the FBI Philadelphia Division used a computer connected to the Internet and launched a publicly-available P2P file sharing program. While working in an undercover capacity on March 4, 2010, SA Manning queried her network of friends and observed the user Lovebaby90, which is Kenneth Johnson's screen name, logged in. SA Manning browsed Johnson's shared directories and observed numerous files which through their titles appeared to depict child pornography. Johnson was sharing more than 60,000 files. SA Manning downloaded 77 images from his shared files. At least 53 of those images contained files contained visual depictions of minors engaging in sexually explicit conduct and is child pornography under 18 U.S.C. § 2256(8). For example, in one image, the title of which is "Mar32017," a naked prepubescent female is on her knees and elbows on a bed. A rope is tied around her wrists and attached to the bedposts. There is an object inserted in her anus. Investigation revealed this was sent from Johnson's computer in Maryland to the special agent in Philadelphia.

Independent of the Philadelphia-FBI's investigation, on March 17, 2010, SA Daniel Evans from the FBI San Diego Division used a computer connected to the Internet and launched a publicly-available P2P file sharing program. While working in an undercover capacity, SA Evans connected to the user Lovebaby90, belonging to Kenneth Johnson. SA Evans browsed Johnson's shared folders and observed numerous files which through their titles appeared to depict child pornography. Johnson was sharing approximately 65,870 files. SA Evans downloaded 253 images and 4 videos from Johnson's shared files. At least 221 of the images and the 4 videos contained files contained visual depictions of minors engaging in sexually explicit conduct and is child pornography under 18 U.S.C. § 2256(8). For example, in one video, the title of which is "0Man sucks 6yo pussy (1m)," an adult male performs oral sex on a naked prepubescent female. At the end of the video, an adult male engages in intercourse with a naked prepubescent female.

Kenneth Johnson was interviewed immediately after the search warrant was executed. He admitted to viewing, receiving and distributing child pornography, which he defined as photos or videos of children 2-13 being sexually penetrated in some manner in their mouth, anus or vagina. Johnson admitted to possessing 5,000 images and 200 videos constituting child pornography. Forensic review of his computer supported his estimation.



I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

12/22/10
Date

Kenneth Johnson